IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBYN M. KITT, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF J.R., A MINOR, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF PITTSBURGH, ET AL. <br><br> Defendants. | Civil Action No. 15-225 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

In this civil action, Plaintiff, Robyn M. Kitt, attempts to assert various claims connected to an investigation of a bank robbery, and her related arrest, trial, and acquittal. Presently pending before the Court are several motions: 1) Defendants' Motion to Dismiss Second Amended Complaint (Docket No. [70]), which is based in part on a release that Plaintiff executed in *Kitt v. City of Pittsburgh*, Civil Action No. 14-65 (W.D.Pa.)(the "Release"); 2) Plaintiff's Motion to Strike City Defendants' Sur-Reply (Docket No. [58]); and 3) Plaintiff's Motion to Permit Discovery, Schedule a Hearing and Disqualify the City of Pittsburgh Department of Law (Docket No. [43]).

Plaintiff moves to strike the sur-reply for failing to comply with the Court's Order on Motions Practice (Docket [23]) regarding the page length for sur-replies. Plaintiff's motion will be denied, however, Defendants are admonished that future filings will be stricken for noncompliance with page limits absent prior leave and that the Court may take such action *sua sponte*.

Plaintiff's motion for discovery, as well her request for a related hearing and the

disqualification of counsel, also will be denied. Plaintiff seeks information regarding the negotiation, approval, and execution of the Release, and contends that Defendants somehow have waived their attorney-client privilege by raising the Release as a bar to this action. "[I]n any matter of contract interpretation, the language of the agreement itself provides us with the primary, as well as the initial, touchstone in formulating our interpretation." *Erie Telecomms, Inc. v. Erie*, 853 F.2d 1084, 1100 (3d Cir. 1988). It is axiomatic that the plain language of the contract governs. Beyond a general assertion, Plaintiff's motion does not indicate how any circumstances surrounding the negotiation or execution of the Release, or any facts extraneous to the language of the Release itself, are relevant to the issues to be decided on Defendants' motion. Moreover, there is no suggestion, under the circumstances, that Defendants have placed at issue the advice or understanding of its attorneys. Accordingly, Plaintiff is not entitled to the relief requested.

Defendants' motion to dismiss relies, in part, on the Release not attached to the Amended Complaint. Therefore, the Motion is properly considered under Federal Rule of Civil Procedure 12(d) as one for summary judgment as to that issue.

AND NOW, this 29th day of December, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motions to Strike and for Discovery [43] [58] are DENIED. Further, the parties hereby are advised that Defendants' Motion to Dismiss [70], to the extent that it is based on the Release, will be considered pursuant to Fed. R. Civ. P. 12(d) and 56.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record